UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL HODGES | . * | CIVIL ACTION NO: |
| | * | 2:20-cv-1456-MVL-DMD |
| | * | |
| Vs. | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| THE BOARD OF SUPERVISORS OF | * | |
| LOUISIANA STATE UNIVERSITY | * | MAGISTRATE JUDGE: |
| | * | DANA M. DOUGLAS |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT-IN-INTERVENTION

**NOW INTO COURT,** through undersigned counsel comes **Weisman Law Office, P.C.** and **Jeffery Weisman ("Intervenor")** who respectfully represents as follows:

**1.**

Weisman Law Office, P.C. is an Illinois law firm. Jeffery Weisman is licensed to practice law in Illinois and Washington D.C.

**2.**

Intervenor was retained as counsel to represent Daniel Hodges in the above captioned matter. A copy of the *Retainer Agreement* executed on April 24, 2019 is attached as Exhibit 1.

**3.**

Intervenor engaged Bizer & DeReus, L.L.C. (hereinafter "Bizer & DeReus") as local counsel to represent Daniel Hodges. Bizer & DeReus was retained by Daniel Hodges to represent him as local Louisiana counsel in the above captioned matter. An unsigned copy of the *Fee Agreement and Authority to Represent* is attached as Exhibit 2. Attorney Garret DeReus of Bizer & DeReus confirmed in a May 12, 2020 email (the "confirmation email") to Jeffrey Weisman that Mr. Hodges signed the *Fee Agreement and Authority to Represent*. An email exchange confirmed the confirmation email between Jeffrey Weisman and Garret DeReus is attached as exhibit 3.



**4.**

Intervenor has devoted a substantial amount of time and effort in his representation of Daniel Hodges in the above captioned matter.

**5.**

Intervenor has expended seven thousand dollars ($7,000) in expert costs in connection with his representation of Daniel Hodges in the above captioned matter, which have yet to be received.

**6.**

Intervenor asserts that he has worked on this case as an attorney for over two years and has a statutory lien against the recovery of settlement funds for his attorney fees and expenses pursuant to LA R.S. 37:217 (A).

**7.**

Intervenor further avers that he agreed to a fee sharing arrangement with Bizer & DeReus entitling him to one-third (1/3) of the fee for any lump settlement or an amount calculated by the "lodestar method" in the event the case proceeded to trial. See Exhibit 3, email exchange.

**8.**

Intervenor has an interest in this matter that is related to the property or transaction that forms the basis of the controversy in the case into which he seeks to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2).

**9.**

Without any factual or legal basis for doing so, Bizer & DeReus asserts that Intervenor is not entitled to any attorney fees or reimbursement of costs.

**10.**

By reason of the foregoing, Intervenor is an interested party as described herein and suggests to this Honorable Court that he is entitled to recover one-third (1/3) of attorney fees and seven thousand dollars in expert costs from any settlement fund in this matter.

**WHEREFORE,** Intervenor prays for leave of court to file this Intervention and for judgment against settlement funds in the above captioned matter and the granting of such relief as justice may require, including, but not limited to:

(1) ordering Bizer & DeReus to disperse to Daniel Hodges any settlement funds owed under the fee agreement; and

(2) ordering Bizer & DeReus to hold the remaining balance of any settlement funds in trust until such time that the attorney fee dispute is resolved.

This 25th day of June, 2021.

Respectfully submitted,

**JONES FUSSELL, L.L.P.**

*/S/ ANDREW J. WALKER*
**THOMAS H. HUVAL (La. Bar #21725)**
**ANDREW J. WALKER (La. Bar #39056)**
P.O. Box 1810
Covington, Louisiana 70434-1810
(o) 985-892-4801
(f) 985-259-8003 (direct)
Email: thuval@jonesfussell.com
*Counsel for Weisman Law Group P.C. and Jeffery Weisman*